WILLIAM ELMORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elmore v. Commissioner
Docket No. 16961-80.
United States Tax Court
T.C. Memo 1981-647; 1981 Tax Ct. Memo LEXIS 100; 42 T.C.M. (CCH) 1627; T.C.M. (RIA) 81647; November 4, 1981. *100 William Elmore, pro se. Eric B. Jorgensen, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge. The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1978 in the amount of $ 207. The sole issue for our decision is whether the tax laws discriminate against petitioner by requiring him to file a separate return because his wife will not join in the filing of a joint return. FINDINGS OF FACT Petitioner filed a U.S. Individual income tax return for the taxable year 1978 with the Internal Revenue Service. He resided at Morganton, North Carolina, when he filed his petition. Petitioner was married throughout the taxable year 1978. His wife filed a U.S. Individual income tax return for the taxable year 1978. Petitioner, on his income tax return for the taxable year 1978, indicated his filing status to be single and computed his income tax liability to be $ 947 based upon adjusted gross income of $ 9,481.50 and two personal exemptions. The Commissioner, in his statutory notice of deficiency mailed to petitioner, determined that petitioner was required to utilize the filing status of *101 a married person filing separately and recomputed petitioner's income tax liability. OPINION Petitioner first contends that he should not be required to pay income tax in excess of that which he reported on his return because he has paid more than his fair share in prior taxable years. His contention is not based upon having sustained net operating losses in prior years but, instead, upon equitable considerations. This contention has no merit. Petitioner next contends that because his wife would not join him in filing a joint return, the tax laws discriminate against him because he is being forced to file as a married person filing separately and is accordingly taxes at a higher rate than he would be taxed on a joint return. We have recently held that the so-called "marriage penalty" is not unconstitutional and that under circumstances identical with those in the instant case, a married taxpayer filing a separate return must utilize the tax table applicable to a married person filing separately. Druker v. Commissioner, 77 T.C.     (Oct. 15, 1981). Decision will be entered for the respondent.